United States District Court
Northern District of California

1
2
3                     **UNITED STATES DISTRICT COURT**
4                     **NORTHERN DISTRICT OF CALIFORNIA**
5                                **SAN JOSE DIVISION**
6
7   HARRY WONG,
                                          Case No. 16-cv-03074-BLF
             Plaintiff,
8
        v.
9                                         **ORDER GRANTING MOTION TO DISMISS**
    FAY SERVICING, LLC,
10
             Defendant.
11
12
13       Defendant's motion to dismiss Plaintiff's First Amended Complaint was heard on October
14  13, 2016. ECF 14. The Court has considered the parties' briefing and oral argument presented at
15  the hearing. For the reasons stated on the record and below, the Court GRANTS the motion with
16  leave to amend.
17       This case relates to Plaintiff Harry Wong's right to appeal Defendant Fay Servicing, LLC's
18  determination on his loan modification application, and Defendant's alleged misrepresentation
19  pursuant to the loss mitigation procedures set forth in 12 C.F.R. section 1024.41. The Court first
20  finds that Plaintiff has failed to joined indispensable parties – Maryanne Wong and Philip Wong,
21  who were listed as co-borrowers on the "Loan Modification Agreement" along with Plaintiff.
22  Request for Judicial Notice ISO Mot., Ex. 2; Fed. R. Civ. P. 19(a). Without their participation,
23  Defendant would be at risk of multiple and potentially inconsistent obligations. *E.g.*, *Patera v.*
24  *Citibank, N.A.*, 79 F. Supp. 3d 1074, 1083 (N.D. Cal. 2015). On this basis, the motion is granted.
25  In his opposition and at the hearing, Plaintiff requested leave to amend to add these required
26  parties. Accordingly, the Court GRANTS Plaintiff leave to add these required parties.
27       Second, the Court finds that Plaintiff has not adequately pled Claim 1, violation of 12
28  C.F.R. section 1041(h) related to his right to appeal Defendant's denial of certain loan

1 modification options.  Specifically, Plaintiff alleged that the decision "included several denials of
2 other foreclosure alternatives, including other modification programs," but failed to identify the
3 specific loss mitigation options that Defendant denied Plaintiff.  Compl. ¶ 18.  In amending his
4 complaint, Plaintiff shall allege facts or attach documents showing the loss mitigation options
5 denied for which he would have had plausible grounds to appeal.  Moreover, Plaintiff must allege
6 facts to support a plausible basis for his eligibility for those options.  12 C.F.R. § 1024.41(h)(1)
7 (stating that "a servicer shall permit a borrower to appeal the servicer's determination to deny a
8 borrower's loss mitigation application for any trial or permanent loan modification program
9 *available to the borrower*") (italics added).

Accordingly, the Court GRANTS with leave to amend Defendant's motion to dismiss Plaintiff's First Amended Complaint.  Any amended complaint must be filed on or before November 3, 2016.

**IT IS SO ORDERED.**

Dated: October 14, 2016

_____
BETH LABSON FREEMAN
United States District Judge